MARY E. PHILLIPS, Trustee *vs.* WILLIAM J. SMITH, *et al.*

JUNE 18, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Wills. Undefined Estate. Estate on Condition.*

Where an undefined estate is given by will upon condition that devisee make certain payments, devisee takes an estate in fee.

*(2) Wills. Estate Over on Death of First Taker.*

By 3d clause of will testatrix gave X. real estate upon condition that she make certain payments.

By 6th clause the will provided that in the event of the decease of X. the estate devised to her should descend and be inherited by Y.

*Held,* that the death of X. referred to the life time of testatrix and as X. survived testatrix, Y. took nothing under the will.

BILL for construction of will. Certified under Gen. Laws, 1923, § 4968.

SWEENEY, J.   This is a bill for the construction of a portion of the will of Mary E. Alverson, late of Providence, deceased.   All interested persons are made parties, and the minors are represented by their guardian *ad litem*.

The Superior Court entered a decree finding that the facts alleged in the bill are true and that the cause was ready for hearing for final decree and ordered it certified to this court for determination under authority of § 4968, General Laws 1923.

The clauses of said will necessary to be quoted are the third and sixth, which are as follows:   "Third I give devise and bequeath to my sister Esther S. Smith, the house and estate No. 3 Baker Avenue on the conditions following, . . . ''   The conditions were the payment to seven persons the amounts designated and a certain sum for the improvement of the family burial ground.   These conditions were complied with by the devisee, Esther S. Smith.

"Sixth   In the event of the decease of my sister Esther S. Smith, the estate bequeathed and devised to her shall descend and be inherited by my niece Mary Esther Smith daugher of Esther S."   This clause creates a doubt in the minds of the parties whether Esther S. Smith took only a life estate in the real estate devised to her in the third clause instead of an estate in fee simple.

The specific question as stated in the brief for complainants is—Did Esther S. Smith take a fee simple estate in the real estate devised to her under the third clause of said will, she having complied with all of the conditions contained in said clause?

Our statute, which was in force when the testatrix died, and now known as § 4304, General Laws 1923, provides in substance that whenever real estate shall be devised without words of limitation, such devise shall be construed to pass the fee simple or other interest which the testator had power to dispose of by will, unless a contrary intention shall appear by the will.   Without having recourse to this statute, it was held in *Waterman* v. *Greene*, 12 R. I. 483, that "it is well

settled that words of inheritance are not necessary in a will to pass a fee, if an intent to pass it is otherwise evinced". See also *In re Johnson*, 23 R. I. 111; *Durfee, Petitioner*, 17 R. I. 639; *Stead* v. *Manton*, 18 R. I. 163.

The third clause devised the real estate to Esther S. Smith upon condition that she make certain payments. She performed the condition. In *King* v. *Cole*, 6 R. I. 584, it was held that where a devisee, whose estate was undefined, was directed to pay a specific sum in gross, he took an estate in fee.

Under the statute and the cases cited it is clear that Esther S. Smith, took an estate in fee simple in the real estate devised to her under the third clause of said will.

Does the sixth clause show a contrary intention on the part of the testatrix? We think not. In *Harris* v. *Dyer*, 18 R. I. 540, it is said: "There have been a number of cases of devises where a gift to one in fee has been followed by a gift over in case the devisee die with or without issue, in which the event of death has been referred to the lifetime of the testator." See also *Newport Trust Co.* v. *Chappell*. 40 R. I. 383.

In this case the devisee in the third clause survived the testatrix. The contingency intended to be provided for by the sixth clause, that is, the event of the decease of Esther S. Smith before that of the testatrix did not happen, and the devisee mentioned in said clause took nothing under it. The testatrix intended that her sister should have an estate in fee simple in the real estate if she survived the testatrix and complied with the conditions contained in said third clause. Having arrived at this conclusion, the other questions presented by the bill are immaterial.

Counsel may submit a decree in accordance with this opinion on the 6th day of July, 1926.

*Charles E. Salisbury, W. Louis Frost,* for complainant.
*Hugh F. Cameron,* guardian *ad litem.*